**WILSON, Admr, etc v SAALFIELD et**

Ohio Appeals, 9th Dist, Summit Co

No 2131. Decided March 7, 1933

**WASHBURN, PJ.**

After a consideration of all of the allegations of the amended petition (only a part of which have been referred to), and giving to them a reasonable construction favorable to the plaintiff, we cannot escape the conclusion that no claim is made that the defendants constructed said building for use as a hotel or that the defendants were conducting the business of a hotel in said building or that the defendants rented it for use as a hotel; on the contrary, we think it is apparent that the pleader avoided making any such claims, and that the only relation which the defendants had to said hotel business was that of a landlord, who had not constructed the building for

John H. McNeal Akron, Waltz & Enright, Akron, and Waters, Andress, Wise, Roetzel & Maxon, Akron for plaintiff in error.

Musser, Kimber & Huffman, Akron, and Slabaugh, Seiberling, Huber & Guinther, Akron, for defendants in error.

or rented it to be used as a hotel. That being so, the amended petition does not state a cause of action against the defendants at common law.

**Burdick v Cheadle, 26 Oh St 395.**

"1. The owner of a building, out of possession and control, is not liable to persons upon the premises, by invitation of the lessee thereof, for injuries resulting from the physical condition of such premises, unless such liability is imposed by contract or statute."

**Marqua v Martin, 109 Oh St 56.**

There are allegations that by reason of the absence of fire escape facilities "said building was in a state of nuisance" and that the defendants were negligent in causing, permitting and allowing it to be used as a hotel, but so far as common law liability is concerned, we do not think that such allegations are tantamount to allegations that the building was rented for use as a hotel.

The mere construction of the building without fire escape facilities would not create a nuisance; only use of the building as a hotel without fire escape facilities would create a nuisance, and if that would constitute a nuisance in the absence of statutory requirements, the landlord's liability at common law would arise from his renting the building for hotel purposes when its use for that purpose without fire escape facilities would necessarily result in a nuisance.

As we read the amended petition, it seems quite clear to us that the only action attempted to be stated against the defendants is one based on their failure to perform a statutory duty, which is charged in a paragraph of the petition as follows:

"Plaintiff further avers that said building was inherently defective, dangerous and unsafe by reason of, and in and about the said original construction, erection and building thereof, in that the defendants did not, at and during the said original construction, erection or building thereof, or at any later date thereafter, or at any time prior to December 24, 1928, erect, equip, provide, maintain, furnish, install or attach in, to and upon said building, any of the outside walls of said building, or any portion thereof, in any manner whatsoever, any fire escapes, or fire escape appliances or equipment of any kind, **as provided by law,** for the reasonable safety of persons therein while lawfully occupying and using said building as a means of egress therefrom in case of fire therein; and plaintiff further avers that by reason of said original and continued failure, default and neglect of defendants, as aforesaid, said building was in a state of nuisance, and a constant menace and source of danger to the occupants thereof, and as a proximate consequence thereof, said building was, at all times, in said inherently dangerous, defective and unsafe condition."

"As provided by law" refers, of course, to statutes, but the statutes creating the duty to provide said building with "fire escapes or fire escape appliances or equipment" are not plead. In argument it was claimed that one of such statutes is §4658, GC, which was in force at the time of said fire. That section reads as follows:

"If a factory, workshop, tenement house, inn or public house is more than two stories high, the owner or agent of the owner shall provide convenient exits from the different upper stories thereof, which shall be easily accessible in case of fire, and the owner or person having control of an inn or public house where travelers or boarders are lodged above the second story thereof, shall also provide a good rope or other life line for each sleeping room for guests above such story."

In **Lee v Smith, 42 Oh St 458,** said section (which was then §2573 of the Revised Statutes) was construed to place the duty of providing fire escape facilities upon a **tenant** who was in possession of a building and operating a factory therein, and not upon the **owner** of the fee of the building who did not have possession and had no right to control the factory.

In **Rose v King, 49 Oh St 213,** it was held that where the owner of the fee of a building **conducts** a tenement house therein, such owner is charged with a duty to his tenants to provide the fire escape facilities mentioned in said statute, although he has not been ordered to do so by the public authorities.

Under our construction of the amended petition in the case at bar, the case of Lee v Smith, supra, is controlling, and the duty of providing fire escape facilities was not placed upon the defendants by said statute, §4658, GC.

But there is a statute which was in effect at the time of said fire which in specific terms places the duty upon the owners in fee of certain buildings to "make suitable

provisions for the safe and speedy egress therefrom in case of fire," of persons employed or residing in or invited to such buildings, although such owner is out of possession and control, and the building is occupied by a tenant who conducts a factory therein.

That section is §1028-1, GC, and it is made applicable to buildings in which hotels are conducted. (§1002, GC). Among other things, it is provided in said section (§1028-1, GC) that "Such means of egress shall be either an enclosed fireproof stairway * * * or a standard fire escape," and the amended petition in this case alleges the absence of any of the suitable means described in said section, and in fact alleges that no fire escape facilities whatever were ever provided for said building.

It is, of course, not necessary to plead a statute which it is claimed creates a duty, and the petition must be held to state a good cause of action if the allegations of the petition can be fairly construed to show any dereliction of a duty defined by statute which proximately resulted in an injury and damage to the plaintiff. —

Said §1028-1 GC refers specifically to "owners of buildings wherein shops and factories are operated," and as has been said, a hotel is a shop or factory (§1002, GC); we are therefore clearly of the opinion that §1028-1 GC is applicable to owners of the fee of buildings in which hotels are operated and that if the provisions of said statute were operative as to the defendants at the time of said fire, then they were under obligation to make suitable provisions for safe and speedy egress from said building in case of fire as specified in said statute, and that if the provisions of said statute were operative as to the defendants at the time of said fire, then the amended petition states a good cause of action against the defendants.

It is urged, however, that said statute was not so operative as to the defendants at the time of said fire, because there are certain proceedings which must be taken by public authorities before such statute becomes operative as to any particular owner of a building, and it is pointed out that the amended petition contains no allegation that such prerequisite proceedings were taken by the public authorities.

It is claimed that such prerequisite proproceedings consist of a written notice given to the owner of the building by the chief inspector of workshops of the district, requiring such owner to do certain specific things which the inspector deems necessary to provide adequate means for safe and speedy egress from the building in case of fire.

There are statutes which provide for inspection and give the inspector power to order changes or alterations to be made in order to provide adequate fire escape facilities (§§996 and 1000, GC) and requiring the owner of the factory or building to comply with such orders after notice (§997, GC) and providing a penalty by way of fine or failure to comply (§998, GC) and also providing that a failure to perform shall be deemed prima facie evidence of negligence and "render such **proprietor** liable for injury sustained by reason of a failure to make such alterations or furnish such safeguards" (§999, GC).

While some of said statutes apply to the owner of the factory, as distinguished from the owner of the building, §1000 GC specifically refers to the owner of the "building in which such shop or factory is situated," and it is claimed that said §1000 GC should be read with and considered a part of §1028-1 GC and that being so read it is apparent that the notice provided for in §1000 GC is a condition precedent to the creation of an obligation under §1028-1 GC, and that as no such notice is plead in this case, the amended petition does not allege facts showing an obligation on the defendants to provide fire escape facilities for said building, and therefore does not state facts sufficient to constitute a cause of action against the defendants.

We have given careful consideration to the history of said sections as detailed by counsel for defendants and to their careful argument in support of the claim that there is no statutory obligation on the owner of the fee of a building used for factory or hotel purposes to provide fire escape facilities until after he has been notified to do so by the public authorities, and we cannot adopt that view.

All of the provisions of all of the sections hereinbefore referred to (except §1028-1 GC) were adopted and in force long before §1028-1 GC was enacted, and before §1028-1 GC was enacted it had been determined by the Supreme Court that the obligation under a very similar statute to provide fire espace facilities was not affected by the fact that no notice had been given by the public authorities to the owner, who was also the operator, of the building, to provide the same.

**Rose v King, 49 Oh St 213.**

It is significant that when the case of Grout v Ruskin, 207 Fed. 273, was decided,

there was no statute making it the duty of the **owner of the fee of the building** to provide fire escape facilities except §2573-d, R. S., which is now **§1000, GC,** and it was held that such requirement was conditioned upon notice to the owner of the fee; but it was pointed out that as to the **owner of the business** conducted in the building, such duty was enjoined not alone by §2573-c, R. S., but by the general provisions of §2573, R. S., which contained no provision as to notice, and that as to the **owner of the business** the existence or not of his duty did not depend upon an inspector's notice and order.

Sec **1028-1, GC,** was thereafter passed, and that specifically places such duty upon the owner of the fee of the building, without any requirement of inspection and notice, and therefore, according to the reasoning of Grout v Ruskin, supra, the case of Rose v King, supra, is applicable and controlling.

It seems to us reasonably plain that by the enactment of **§1028-1, GC,** the legislature intended to place an obligation on "owners of buildings wherein shops or factories are operated" to do definite and specific things to facilitate escape from such buildings in case of fire and to make that obligation a matter of legislative requirement regardless of any act on the part of the chief inspector of workshops or other public authority.

The fact that the duty created by legislation previous to the enactment of §1028-1 GC was for the most part placed upon the owner of the business conducted in the building rather than upon the owner of the fee of the building, and the fact that under the earlier statutes the requirements were for the most part general and not specific and were largely left to the judgment of the inspector, who had only authority to inspect and order **changes** or **alterations** which were required to be made after notice, and that under §1028-1 GC the requirements are definite and specific, indicates an intention to establish minimum requirements with which the owner of the fee of the building should comply regardless of inspection or notice.

**Mitchell v Hotel Berry Co., 34 Oh Ap 259.**

We think that the evils to be remedied and the previous legislation on the subject and the interpretation thereof by the courts, justify us in holding that the legislature intended that which the language of §1028-1 GC plainly expresses, and our conclusion is that an owner of the fee of a building wherein a hotel business is conducted and the public in general is served with lodging and refreshment for hire, who knowingly permits such building to be so used, is charged with a duty to the guests of such hotel to comply with the requirements of §1028-1 GC, as to fire escape facilities, although such hotel is being conducted by a tenant of such owner and the public authorities have not served upon either such owner or tenant a notice to provide fire escape facilities for such building.

For error in sustaining the demurrer to the amended petition and rendering judgment for defendants in error, said judgment is reversed and the cause remanded to the Court of Common Pleas.

A like entry may be made in the case of L. A. Lombardi, Admr. v A. G. Saalfield et (No. 2071), in which a like judgment was entered in the Common Pleas Court and which was submitted in this court with the foregoing case upon like briefs and argument

FUNK, J, concurs.
STEPHENS, J, not participating.